Slip Op. 10-39

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **AD HOC SHRIMP TRADE ACTION COMMITTEE, VERSAGGI SHRIMP CORPORATION, and INDIAN RIDGE SHRIMP COMPANY**, <br><br> Plaintiffs, <br><br> v. <br><br> **UNITED STATES**, <br><br> Defendant, <br><br> and <br><br> **EASTERN FISH COMPANY, INC.**, <br><br> Defendant-Intervenor. | Before: Timothy C. Stanceu, Judge <br><br> Consol. Court No. 05-00192 |

**OPINION**

[Affirming the redetermination by the United States Department of Commerce of the scope of less-than-fair-value determinations in an antidumping proceeding]

Dated: April 14, 2010

*Picard Kentz & Rowe LLP* (*Nathaniel M. Rickard* and *Andrew W. Kentz*) for plaintiffs Ad Hoc Shrimp Trade Action Committee and Versaggi Shrimp Corporation.

*Stewart and Stewart* (*Geert M. De Prest*, *Elizabeth J. Drake*, and *Terence P. Stewart*) and *Leake & Andersson, LLP* (*Edward T. Hayes*) for plaintiff Indian Ridge Shrimp Company.

*Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Stephen C. Tosini*); *Mykhaylo A. Gryzlov*, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

*Kelley Drye & Warren LLP* (*Michael J. Coursey* and *Mary T. Staley*) for defendant-intervenor.

**Consol. Court No. 05-00192**                                                                                                         Page 2

      Stanceu, Judge:  This matter arose from plaintiffs' contesting six amended final "less-than-fair-value" ("LTFV") determinations that the International Trade Administration, United States Department of Commerce ("Commerce" or the "Department") issued on imports of certain frozen warmwater shrimp (the "subject merchandise").  In *Ad Hoc Shrimp Trade Action Committee v. United States*, 33 CIT __, __, 637 F. Supp. 2d 1166, 1182 (2009) ("*Ad Hoc III*"), the court ordered Commerce to redetermine the scope of its amended final LTFV determinations with respect to dusted shrimp, a product consisting of flour-coated frozen shrimp that the Department had excluded.  The court held that Commerce did not state reasoning adequate to support the dusted shrimp exclusion and that, as a result, the LTFV determinations were contrary to law.  *Id.* at __, 637 F. Supp. 2d at 1181.  "Commerce failed to consider, and failed to resolve, the question of whether dusted shrimp is within the proposed scope of the antidumping investigation or investigations sought by the Petitions."  *Id.*

      In the redetermination issued by Commerce pursuant to the court's remand order, Commerce concluded that it had erred in excluding dusted shrimp from the scope of the LTFV determinations and drafted amended scope language to include the product.  Final Results of Redetermination pursuant to Ct. Remand 18, App. 1 ("Redetermination").  Plaintiffs Ad Hoc Shrimp Trade Action Committee ("AHSTAC"), Versaggi Shrimp Corporation ("Versaggi"), and Indian Ridge Shrimp Company ("Indian Ridge") (collectively "plaintiffs" or "petitioners") urge the court to affirm the Redetermination.  Pls.' Comments Regarding Final Results of Redetermination pursuant to Ct. Remand 1 ("AHSTAC & Versaggi Comments"); Comments of Indian Ridge Shrimp Co. Regarding the Remand Results 2 ("Indian Ridge Comments").  Defendant-intervenor Eastern Fish Company, Inc. ("Eastern Fish") urges the court to reject the

**Consol. Court No. 05-00192**                                                                Page 3

Redetermination as contrary to law. Def.-Intervenor's Comments Regarding Final Results of Redetermination pursuant to Ct. Remand 15-16 ("Def.-Intervenor Comments"). The arguments of Eastern Fish fail to persuade the court. Because Commerce complied with the remand order in *Ad Hoc III* and lawfully redetermined the scope of the investigations, the court will affirm the Redetermination through the entry of judgment.

## I. BACKGROUND

The background of this case is presented in the court's opinions in *Ad Hoc Shrimp Trade Action Committee v. United States*, 31 CIT 102, 103-09, 473 F. Supp. 2d 1336, 1337-42 (2007) ("*Ad Hoc I*"), and *Ad Hoc III*, 33 CIT at __, 637 F. Supp. 2d at 1168-74, which the court recounts in part below and supplements as necessary to include developments occurring since *Ad Hoc III* was decided on July 1, 2009.

Plaintiffs brought multiple actions, later consolidated, to contest six amended final affirmative LTFV antidumping determinations that Commerce issued in 2005 on certain imported frozen warmwater shrimp from each of the following countries: Brazil, Ecuador, India, the People's Republic of China, the Socialist Republic of Vietnam, and Thailand.[1] *See, e.g., Notice of Am. Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Certain Frozen Warmwater Shrimp from Thailand*, 70 Fed. Reg. 5145 (Feb. 1, 2005). Each of the final and amended final LTFV determinations excluded dusted shrimp from the

---

[1] The administrative record provided in this case, Consolidated Court No. 05-00192, sets forth the documents for the Thailand investigation. Accordingly, the court cites to the Federal Register notice for Thailand. The court also provides the citations for parallel determinations made in the concurrent investigations of Brazil, Ecuador, India, the People's Republic of China, and the Socialist Republic of Vietnam.

scope of the investigation, and Commerce accordingly excluded dusted shrimp from the scope of each of the six antidumping duty orders. *Id.* at 5147.[2]

In this litigation, plaintiffs, who were petitioners in the underlying antidumping proceedings, sought as relief a remand directing Commerce to amend the antidumping duty orders to include dusted shrimp. *Ad Hoc I*, 31 CIT at 112-14, 473 F. Supp. 2d. at 1345-46. The Court of International Trade dismissed the consolidated action, concluding that the requested relief was unavailable because the final affirmative injury determination of the U.S. International Trade Commission ("ITC" or the "Commission"), which plaintiffs did not contest, had not included dusted shrimp. *Id.* at 112-14, 116, 473 F. Supp. 2d. at 1345-46, 1348. The Court of Appeals for the Federal Circuit ("Court of Appeals"), affirming in part and reversing in part, held that the Court of International Trade, although correctly concluding that the requested relief of a remand to amend the antidumping duty orders was unavailable because of the absence of a final Commission injury determination on dusted shrimp, erred in dismissing the case. *Ad Hoc Shrimp Trade Action Comm. v. United States*, 515 F.3d 1372, 1375 (Fed. Cir. 2008) ("*Ad Hoc II*"). The Court of Appeals concluded that plaintiffs had sought, in addition to amendment

---

[2] Commerce published, on the same day, five amended final less-than-fair-value determinations and antidumping duty orders for the five other exporting countries. *See Notice of Am. Final Determination of Sales at Less Than Fair Value & Antidumping Duty Order: Certain Frozen Warmwater Shrimp from Brazil*, 70 Fed. Reg. 5143, 5145 (Feb. 1, 2005); *Notice of Am. Final Determination of Sales at Less Than Fair Value & Antidumping Duty Order: Certain Frozen Warmwater Shrimp from Ecuador*, 70 Fed. Reg. 5156, 5158 (Feb. 1, 2005); *Notice of Am. Final Determination of Sales at Less Than Fair Value & Antidumping Duty Order: Certain Frozen Warmwater Shrimp from India*, 70 Fed. Reg. 5147, 5148 (Feb. 1, 2005); *Notice of Am. Final Determination of Sales at Less Than Fair Value & Antidumping Duty Order: Certain Frozen Warmwater Shrimp From the People's Republic of China*, 70 Fed. Reg. 5149, 5152 (Feb. 1, 2005); *Notice of Am. Final Determination of Sales at Less Than Fair Value & Antidumping Duty Order: Certain Frozen Warmwater Shrimp From the Socialist Republic of Vietnam*, 70 Fed. Reg. 5152, 5156 (Feb. 1, 2005).

**Consol. Court No. 05-00192**                                                                                        Page 5

of the antidumping duty orders, a declaratory judgment that Commerce acted unlawfully in excluding dusted shrimp from the scope of the antidumping investigations. *Id.* at 1381-82. The Court of Appeals held that the lack of judicial authority to order a review of the Commission's injury determination did not preclude adjudication on the merits of plaintiffs' claim contesting Commerce's final amended LTFV determinations. *Id.* at 1382-83. The Court of Appeals vacated the dismissal and remanded the action, directing the Court of International Trade to "address the merits of AHSTAC's claim that 'dusted shrimp' should [not] be excluded from the scope of Commerce's final determination." *Id.* at 1385.

In *Ad Hoc III*, the Court of International Trade concluded "that the Department's decisions to exclude dusted shrimp from the scope of the final LTFV determinations were contrary to law because they were unsupported by any valid reason." *Ad Hoc III*, 33 CIT at __, 637 F. Supp. 2d at 1181. The court explained that

> Commerce failed to consider, and failed to resolve, the question of whether dusted shrimp is within the proposed scope of the antidumping investigation or investigations sought by the Petitions. Although Commerce has discretion to make exclusions from the scope, even when doing so appears to be contrary to the proposed scope as set forth in a petition, it must exercise this authority reasonably. The three reasons set forth in the Scope Clarification Memorandum in support of the exclusion, for the reasons discussed in this Opinion and Order, do not suffice.

*Id.* The court ordered the Department to reconsider and redetermine the scope of the final and amended final LTFV determinations with respect to the issue of the inclusion of dusted shrimp. *Id.* at 1182.

After obtaining comments on a draft remand redetermination, Commerce prepared a final version, which it filed on October 29, 2009, and also filed an accompanying administrative record on November 19, 2009. AHSTAC, Versaggi, and Indian Ridge filed comments with the

**Consol. Court No. 05-00192**                                                                                                   Page 6

court on November 30, 2009 urging the court to affirm the Redetermination.  AHSTAC & Versaggi Comments 1; Indian Ridge Comments 2.  Eastern Fish filed comments with the court on December 15, 2009, arguing that the Redetermination must be set aside as contrary to law and seeking an additional remand.  Def.-Intervenor Comments 15-16.

## II.  DISCUSSION

In the Redetermination, Commerce determined that its earlier exclusion of dusted shrimp from the scope of the LTFV determinations was in error.  Redetermination 18.  After considering the proposed scope language in the petitions filed by the domestic industry to initiate the LTFV investigations ("Petitions"), which included food preparations, Commerce determined that "dusted shrimp constitutes a food preparation within the meaning of the scope of the original investigations."  *Id.* at 16.  Commerce concluded that it "employed the correct analytical framework in its draft remand redetermination in determining that dusted shrimp would be considered food preparations (which are included in the plain language of the scope), and that dusted shrimp would not fall under the breaded shrimp exclusion listed in the scope language."  *Id.* at 13.  Commerce concluded that dusted shrimp should be added to the scope as set forth in the LTFV determinations and included "Final Scope Language on Remand" to be used for this purpose.  *Id.* at 18, App. 1.

In the Redetermination, Commerce also "analyzed the impact of finding dusted shrimp to be within the scope on our antidumping duty calculations."  *Id.* at 18.  Commerce concluded that no change in the calculations for any of the six LTFV determinations would be needed.  *Id.*  "Out of all investigations, only one respondent, the Allied Pacific Group in the investigation covering the People's Republic of China, reported sales of dusted shrimp during the period of the

**Consol. Court No. 05-00192**                                                                                                         **Page 7**

investigation, and these sales comprised a very small percentage of its total sales." *Id.* Commerce also found that it inadvertently had included the dusted shrimp sales of Allied Pacific Group in the margin calculation for that respondent and that, as a result, "it is unnecessary to recalculate any antidumping duty margins in this remand determination." *Id.*

The Redetermination addresses the objections that Eastern Fish and Long John Silver's, Inc. ("LJS") made in comments on the draft remand redetermination and rejects all but one of these objections. *Id.* at 8 n.10, 13-17. Commerce acknowledged that its "references to amending the scope of the [antidumping duty] orders in its Draft Remand Redetermination were in error" and agreed with Eastern Fish and LJS that "the [Court of International Trade] instructed the Department to address in its redetermination only the issue of whether the scope of the final and amended final determinations should include dusted shrimp, and not the scope of the orders." *Id.* at 13. Commerce therefore decided that dusted shrimp should be added to the scope language of the LTFV determinations but not to the scope of the antidumping duty orders. *Id.*

Based on its review of the Redetermination and the record Commerce has filed, the court concludes that the Redetermination complies with the court's order in *Ad Hoc III* and sets forth reasoning that is adequate to support the Department's findings and conclusions. The Redetermination determines that dusted shrimp is included within the plain meaning of the proposed scope language as set forth in the original petitions and, specifically, is described by the term "food preparations" as used therein. *Id.* at 7. The Redetermination further determines, logically and consistently with the record evidence in this case, that dusted shrimp does not fall within the breaded shrimp exclusion. *Id.* at 8 ("Dusted shrimp is an input into the production of

breaded and battered shrimp, rather than breaded or battered shrimp itself.  Shrimp coated with flour is physically different from shrimp coated with breading or batter.").

In its comments to the court, defendant-intervenor Eastern Fish argues that Commerce, having determined that dusted shrimp is within the scope of the investigations, "was required on remand to again determine whether dusted shrimp is within a class or kind of merchandise separate from the class that covers all other subject merchandise, but failed to do so without providing any lawful reason."  Def.-Intervenor Comments 15.  Eastern Fish seeks a second remand order to "direct the agency to determine whether dusted shrimp constitutes a separate class or kind of merchandise from the class that covers all other subject merchandise in these investigations, and if so, to take the appropriate administrative actions that are required by this result."  *Id.* at 15-16.  It argues that Commerce "for each petition . . . must determine (1) the number of classes or kinds of merchandise covered by that petition's suggested scope language, and (2) the boundary for each such class."  *Id*. at 5.  Defendant-intervenor points to a practice by Commerce of determining whether the scope of imported merchandise set forth in a petition encompasses more than one class or kind of merchandise by applying the five criteria set forth in *Diversified Products Corp. v. United States*, 6 CIT 155, 572 F. Supp. 883 (1983).  Def.-Intervenor Comments 7.

Defendant-intervenor identifies what it considers to be indications that the scope of the investigations includes more than one class or kind of merchandise.  *Id.* at 9-11.  It submits that during the investigations petitioners not only argued that all proposed subject merchandise constituted a single domestic like product despite widely varying degrees of post-harvest processing, but also argued that breaded shrimp, for which petitioners wanted an exclusion, was

not part of that domestic like product. *Id.* at 10-11. According to Eastern Fish, Commerce's accepting petitioners' position on a breaded shrimp exclusion strongly suggests that breaded shrimp is within a separate class or kind of merchandise from other subject merchandise. *Id.* at 11.

With specific respect to dusted shrimp, Eastern Fish recounts that Commerce, applying a *Diversified Products* analysis, excluded dusted shrimp from the investigations "largely on its finding that dusted shrimp constituted a separate class or kind of merchandise from all covered merchandise." *Id.* at 13. Eastern Fish submits that it was improper for Commerce, on remand, to place dusted shrimp within the scope of the investigations yet also conclude that it was not required to perform a class-or-kind analysis with respect to dusted shrimp. *Id.* at 4.

Eastern Fish's argument does not persuade the court that the Redetermination is contrary to law. The premise of the argument–that Commerce improperly has avoided making a determination on whether or not dusted shrimp is a separate class or kind of subject merchandise–misconstrues the Redetermination and is contrary to the record and procedural history of this case. Implicit in the Redetermination is a decision by the Department that dusted shrimp is included within the same class or kind of merchandise as all other subject shrimp.

Commerce issued the Redetermination in response to the order in *Ad Hoc III*, which found fault with the Department's determination that dusted shrimp was a separate class or kind of merchandise from the subject merchandise. *Ad Hoc III*, 33 CIT at __, 637 F. Supp. 2d at 1179. The court observed that the general scope language was not limited to frozen shrimp that lacked any form of a coating, seasoning, marinade, or sauce and that it appeared to include all forms of processed frozen warmwater shrimp, as defined in the general scope language, that

were not specifically excluded. *Id.* The court also noted that the general scope language also encompassed food preparations, other than prepared meals, that contained more than twenty percent by weight of warmwater shrimp. *Id.*

Eastern Fish's objection relies in part on the following sentence in the Redetermination: "Given that the Department now finds dusted shrimp to be covered by the plain language of the scope and is thus subject merchandise, we are no longer examining whether it is a separate class or kind of merchandise for purposes of determining whether it should be covered or excluded." Retermination 17. Defendant-intervenor construes this sentence, and related discussion in the Redetermination, as signifying that Commerce has decided that it need not consider whether dusted shrimp constitutes a separate class or kind of merchandise. Def.-Intervenor Comments 3-4.

Defendant-intervenor's argument rests on a selective reading of the Department's discussion of the "class or kind" issue. Considered as a whole, the analysis in the Redetermination is not consistent with a determination that dusted shrimp is a separate class or kind of merchandise. In the investigations, Commerce regarded all imported merchandise within the scope of the investigations to comprise a single class or kind of merchandise, and nothing in the Redetermination modifies that approach. To the contrary, Commerce explicitly stated in the Redetermination its conclusion that dusted shrimp is "covered by the plain language of the scope and is thus subject merchandise." Redetermination 17. Moreover, Commerce expressly rejected Eastern Fish's comment, made in response to the draft remand redetermination, that "because dusted shrimp constitutes a separate class or kind of merchandise from all other subject merchandise, the Department must ensure that all of the initiation requirements have been met

Consol. Court No. 05-00192                                                                                          Page 11

for dusted shrimp for each country, and must conduct an LTFV investigation for dusted shrimp from each country." *Id.* at 12.  In disagreeing with the comment, Commerce explained that because of its conclusion that dusted shrimp "constitutes a food preparation within the meaning of the scope of the original investigations, we do not need to conduct new investigations for dusted shrimp." *Id.* at 16.  Commerce expressly disclaimed the earlier *Diversified Products* analysis under which it characterized dusted shrimp as a separate class or kind of subject merchandise.  *Id.* at 17 ("We no longer employ the irrelevant analysis that the Court rejected.").  When read in its entirety and in the context of the record and procedural history, the Redetermination does not support defendant-intervenor's objection that Commerce improperly disregarded the question of whether dusted shrimp constitutes a separate class or kind of merchandise.  Because the court rejects defendant-intervenor's interpretation of Commerce's decision as stated in the Redetermination, it also must reject the request for a second remand.

### III. Conclusion

The Redetermination is in accordance with law and complies with the court's order in *Ad Hoc III*.  The court will affirm the Redetermination by entering judgment accordingly.

                                                                                        /s/ Timothy C. Stanceu
                                                                                        Timothy C. Stanceu
                                                                                        Judge

Dated: April 14, 2010
          New York, New York

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **AD HOC SHRIMP TRADE ACTION COMMITTEE, VERSAGGI SHRIMP CORPORATION, and INDIAN RIDGE SHRIMP COMPANY**,<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES**,<br><br>Defendant,<br><br>and<br><br>**EASTERN FISH COMPANY, INC.**,<br><br>Defendant-Intervenor. | Before: Timothy C. Stanceu, Judge<br><br>Consol. Court No. 05-00192 |

## JUDGMENT

Upon review of the Final Results of Redetermination pursuant to Court Remand ("Redetermination") and all relevant papers and proceedings had herein, in accordance with the court's Opinion issued this date, and upon due deliberation, it is hereby

**ORDERED** that the Redetermination be, and hereby is, affirmed.

/s/ Timothy C. Stanceu<br>
Timothy C. Stanceu<br>
Judge

Dated: April 14, 2010
       New York, New York

## NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____     By: _____
                                      Deputy Clerk